IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01056-CMA-GPG

LAKE IRWIN COALITION,

    Plaintiff,

v.

JONATHAN WHITACRE SMITH,
UNITED STATES FOREST SERVICE,
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON, COLORADO,
ANDERSON FAMILY TRUST,
ERIC RICHARD ASLAKSON,
JACK A & SANDRA E. BRILL TRUSTEES UDT DATED MARCH 24, 1981,
RICHARD GILDERSLEEVE,
ERIC W. JORDAN,
LYPPS NICHOLAS J. TRUST,
THOMAS MOORE,
RUBY PEAK, LLC,
SCARP RIDGE, LLC,
CRAIG A SCHOEPKE,
ALLISON ELLIOTT, and
ROBINSON BASIN L.L.C.,

    Defendants.

## ORDER GRANTING UNITED STATES FOREST SERVICE'S MOTIONS TO DISMISS AND REALIGNING PARTIES

This matter is before the Court on the United States Forest Service's ("USFS") Motion to Dismiss Plaintiff's Federal District Court Amended Complaint (Doc. # 70) and its Motion to Dismiss Defendant Aslakson's Cross-Claim (Doc. # 151). Both Motions are

fully briefed. (Doc. ## 123, 124, 152, 155, 159.) For the following reasons, the Court grants both Motions.

## I.   BACKGROUND

This case involves a property dispute. Plaintiff originally brought this action in Colorado state court against Defendant Smith ("Mr. Smith"). Mr. Smith "holds title to property in Gunnison County bearing the common address of 1201 Forest Service Road 826.D1, Irwin, CO 81224 and legally described as . . . [the] Peggy Lode Mining Claim ["Peggy Lode"] . . . ." (Doc. # 62 at 2.)

Plaintiff alleges that Mr. Smith "built a home on the Peggy Lode and later began contesting access by the public across Peggy Lode, specifically FS 826.1D, commonly known as Green Lake Road ["Green Lake Road"], beginning in the summer of 2014." (*Id.* at 7.) Plaintiff further alleges that Mr. Smith has taken "steps to restrict access across Peggy Lode by erecting a gate at his property line, thereby excluding hikers, bikers, and other public users across Peggy Lode." (*Id.*)

The relief Plaintiff is seeking is rather limited. In Plaintiff's First Claim for Relief, it asserts that it is "entitled to Declaratory Relief . . . as to whether the relevant portion of Green Lake Road that crosses the Peggy Lode is a **public road** under the jurisdiction of [USFS] or whether [Plaintiff] enjoy[s] separate private rights under legal implication." (*Id.* at 11) (emphasis added). Plaintiff's Second Claim for Relief arises under the Quiet Title Act, 28 U.S.C. § 2409a. Plaintiff asserts that USFS has taken inconsistent positions with respect to any interest it may have in Green Lake Road. Accordingly, Plaintiff seeks "an adjudication of the rights and responsibilities of the parties to this action in and to quiet

title in the portions of Green Lake Road crossing the Peggy Lode whether it be in the form of a public thoroughfare or as an implied easement based upon historic use." (Doc. # 62 at 13.)

While this case was pending in state court, the state court ruled that various Defendants, including USFS, were necessary parties. When USFS was joined to the case, USFS removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1) because it is a "civil action . . . that is commenced in a State court and . . . is against or directed to . . . [t]he United States or any agency thereof."

In addition to Plaintiff's claims, USFS is subject to various crossclaims that have been asserted by other Defendants. Notably, the Board of County Commissioners of the County of Gunnison, Colorado ("Gunnison County" or "the County") has raised a counterclaim against Plaintiff and asserted crossclaims against all other Defendants, including USFS.

Gunnison County and Plaintiff are seeking similar relief. In Gunnison County's First Claim for Relief, the County "seeks a declaration from this Court that FS 826.1D should be declared a **public road** under either Federal or Colorado law," and "that it is a Forest Service Road under the jurisdiction, responsibility and control of the USFS . . . ." (Doc. # 67 at 23) (emphasis added). The County's Second Claim for Relief arises under the Quiet Title Act and seeks "an adjudication of the rights and responsibilities of the parties to this action in and to FS 826.1D." (*Id.* at 24.)

In addition to the County, Defendant Aslakson ("Mr. Aslakson") also raised a crossclaim against USFS. Mr. Aslakson is the "owner of two mining claims . . . both of

which are located approximately three miles outside of Irwin, Gunnison County and surrounded by the Gunnison National Forest." (Doc. # 140 at 16.) He asserts that Green Lake Road "is a **private road** that traverses both of [his] claims and is used by [him] for ingress and egress to his properties . . . ." (*Id.*) (emphasis added).

Mr. Aslakson raises a single claim against USFS. Specifically, he alleges that his "predecessors-in-interest granted an exclusive easement over portions of the Road to [USFS] for 'use for all lawful purposes by the United States and its assigns.'" (*Id.* at 17.) In return, USFS granted Mr. Aslakson's "predecessors-in-interest a 'reciprocal grant of right-of-way' for ingress and egress over the Road to the mining claims," and "[a]s the grantee of the easement, [USFS] is obligated to maintain and repair the Road." (*Id.*) However, Mr. Aslakson asserts that USFS has not fulfilled its maintenance obligations. Thus, Mr. Aslakson "seeks a declaration from this Court that: (1) [USFS] is obligated to perform or bear the costs of repair and maintenance for the Road; and, (2) the Road is a private road not subject to public use." (*Id.* at 21.)

USFS filed an Answer to Gunnison County's crossclaim on December 18, 2019. (Doc. # 112.) Additionally, USFS filed the instant Motions to Dismiss Plaintiff's and Mr. Aslakson's claims on November 29, 2019, and March 20, 2020, respectively. (Doc. ## 70, 151.) USFS argues that the claims are barred by the doctrine of sovereign immunity.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to

adjudicate the matter. See *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (quoting *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017)).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart*, 271 F.3d at 1225.

### III. DISCUSSION

The Court's analysis will proceed in two steps. First, the Court will rule on the pending Motions to Dismiss. Second, the Court will address the impact of that ruling on the Court's subject matter jurisdiction.

5

A.     MOTIONS TO DISMISS

"Sovereign immunity . . . shields the United States, its agencies, and its officers acting in their official capacity from suit." *Watson v. Hollingsworth*, 741 F. App'x 545, 551 (10th Cir. 2018) (quoting *Normandy Apartments, Ltd. v. U.S. Dep't of Hous.*, 554 F.3d 1290, 1295 (10th Cir. 2009)). "This defense is jurisdictional and deprives courts of subject-matter jurisdiction." *Id.* "The party seeking to assert a claim against the government must point to a specific waiver of sovereign immunity to establish jurisdiction." *Id*. Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).

1.     USFS's Motion to Dismiss Plaintiff's Quiet Title Act Claim

USFS is implicated in Plaintiff's Second Claim for Relief, which arises under the Quiet Title Act, 28 U.S.C. § 2409a. USFS argues that Plaintiff's claim fails because "the Quiet Title Act does not create a private right of action to assert a public right-of-way." (Doc. # 70 at 4.) That is correct.

"Congress waived the United States' sovereign immunity to suits seeking to quiet title to certain federal lands in the Quiet Title Act." *Sw. Four Wheel Drive Ass'n. v. Bureau of Land Mgmt.*, 363 F.3d 1069, 1071 (10th Cir. 2004). One of the Quiet Title Act's requirements is that any claimant must "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property." 28 U.S.C. § 2409a(d). It is well-established that "'[m]embers of the public . . . do not have a 'title' in public roads, and therefore cannot meet the requirements of section 2409a(d)." *Sw. Four Wheel Drive Ass'n. v. Bureau of Land Mgmt.*, 363 F.3d 1069, 1071 (10th Cir. 2004)

(quoting *Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978)). In such instances, "federal courts lack jurisdiction over [the] suit." *Id.*

Plaintiff concedes that, as a member of the public, it "cannot maintain direct litigation against the USFS to have a road declared public . . . ." (Doc. # 123 at 5.) Consequently, the Court lacks jurisdiction over Plaintiff's Second Claim for Relief.

2.     USFS's Motion to Dismiss Mr. Aslakson's Quiet Title Act Crossclaim

Mr. Aslakson's crossclaim against USFS arises under the Quiet Title Act. However, the crossclaim fails because the nature of the dispute is outside the scope of the Quiet Title Act.

A "disputed title to real property in which the United States claims an interest," 28 U.S.C. § 2409a(a), is "a prerequisite to federal court jurisdiction under the [Quiet Title Act]." *Kane Cty., Utah v. United States*, 772 F.3d 1205, 1210 (10th Cir. 2014). Thus, courts have held that the Quiet Title Act applies "'only when the **title or ownership** of real property is in doubt' as between the plaintiff and the United States." *McMaster v. United States*, 177 F.3d 936, 941 (11th Cir. 1999) (emphasis added) (quoting *Cadorette v. United States*, 988 F.2d 215, 223 (1st Cir. 1993)). It follows that, if "a suit . . . does not challenge title[,] but instead concerns the use of land as to which title is not disputed . . . [the case does] not come within the scope of the [Quiet Title Act]." *Robinson v. United States*, 586 F.3d 683, 688 (9th Cir. 2009).

Mr. Aslakson's crossclaim does not question the validity or existence of the easements at issue. *See* (Doc. # 140 at 22) (asserting a "controversy exists as to the **scope** of the Forest Service easement over the Road as it crosses Aslakson's mining

7

claims." (emphasis added)). Rather, Mr. Aslakson raises an issue of interpretation regarding what rights and obligations arise from the easements. However, such a question is not actionable under the Quiet Title Act. *See, e.g.*, *Williams v. Bureau of Land Mgmt.*, No. 2:18-cv-02402-MCE-DB, 2019 WL 294298, at *2 (E.D. Cal. Jan. 23, 2019) ("It is undisputed here that the United States owns the easement in question, foreclosing Plaintiffs' ability to rely on the QTA as a basis for this Court's jurisdiction." (citing *Robinson*, 586 F.3d at 688)). Therefore, the Court lacks jurisdiction over Mr. Aslakson's crossclaim.

**B.     *SUA SPONTE* SUBJECT MATTER JURISDICTION ANALYSIS**

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) ("district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction.").

The Court has dismissed Plaintiff's Quiet Title Act claim against USFS. As a result, the Court must now determine whether subject matter jurisdiction exists in the instant case. That issue is resolved by **realigning the parties**, because Gunnison

8

County's Quiet Title Act claim clears the statute's jurisdictional hurdles that Plaintiff's claim cannot overcome.[1]

"Although realignment questions typically arise in the diversity of citizenship context, the need to realign a party whose interests are not adverse to those of his opponent(s) exists regardless of the basis for federal jurisdiction." *See, e.g.*, *Larios v. Perdue*, 306 F. Supp. 2d 1190, 1195 (N.D. Ga. 2003) (citing *Development Fin. Corp. v. Alpha Hous., & Health Care*, 54 F.3d 156, 159 (3d Cir. 1995) ("[W]e must consider a fundamental principle of federal jurisdiction, a principle associated with, but not limited to, diversity jurisprudence. In determining the alignment of the parties for jurisdictional purposes, the courts have a 'duty' to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" (quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, (1941)); *Wade v. Mississippi Co-op. Extension Serv.*, 528 F.2d 508, 521–22 (5th Cir. 1976) ("Although the correctness of a realignment of parties is an issue that normally arises only in the context of diversity jurisdiction cases, the principles applicable to those cases are equally so here [where federal jurisdiction is predicated on the existence of a federal question].")).

Federal courts have used two tests in determining the propriety of realignment. *See generally United States Fid. & Guar. Co. v. A & S Mfg. Co., Inc.*, 48 F.3d 131, 132–

---

[1] Although Plaintiff, as a member of the public, does not have a "right, title, or interest," *see* 28 U.S.C. § 2409a(d), in Green Lake Road, Gunnison County does have such a right or interest because it has "authority over public roads within its borders . . . ." (Doc. # 67 at 8) (citing Colo. Rev. Stat. §§ 43-2-201, 43-2-201.1); *see, e.g.*, *San Juan Cty., Utah v. United States*, 754 F.3d 787, 790 (10th Cir. 2014) (county's claim that a road was a public right-of-way was within the scope of the Quiet Title Act).

33 (4th Cir. 1995). Under the **primary purpose test**, "[i]f the interests of a party named as a defendant coincide with those of the plaintiff in relation to the [primary] purpose of the lawsuit, the named defendant must be realigned as a plaintiff . . . ." *United States Fid. and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992) (citing *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987)); *see also Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 942 F.2d 862, 864–67 (3d Cir. 1991). Under the **substantial controversy** or "collision of interests" test, "courts require the existence of an actual, substantial controversy, or a collision of interests [if they are to deny realignment] but the conflict may in some cases concern an issue other than the so-called primary issue in dispute." *Maryland Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d Cir. 1993) (citing *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941)).

Based on the Court's research, the Tenth Circuit does not appear to have decided which standard applies where, as here, federal subject matter jurisdiction stems from the existence of a federal question. However, the Tenth Circuit has adopted the **substantial-conflict test** in the diversity context, *see Price v. Wolford*, 608 F.3d 698, 705 (10th Cir. 2010), and that is the same standard other circuits have applied in the federal question context, *see Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 159 (3d Cir. 1995).

Pursuant to the substantial-conflict test, "[r]ealignment is proper when the court finds that no actual, substantial controversy exists between the parties on one side of the dispute and their named opponents . . . ." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th

10

Cir. 2009) (quoting *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981)). On the other hand, "it is 'undoubtedly improper' to realign parties for the purpose of preserving jurisdiction if 'an actual, substantial controversy exists between a party on one side of the dispute and its named opponent.'" *Id.* (quoting *Krueger v. Cartwright*, 996 F.2d 928, 932 n.5 (7th Cir. 1993)).

In the instant case, it is evident that it is proper to realign Gunnison County as a plaintiff. The County and Plaintiff share the same fundamental goal—i.e., a declaration that Green County Road is public rather than private. Further, although the County has asserted a counterclaim against Plaintiff, that is not necessarily indicative of a controversy that prevents realignment. In fact, Plaintiff is **not adverse** to the County with respect to the County's Quiet Title Act claim because Plaintiff is member of the public who does not allege to have an ownership interest that conflicts with any interest asserted by the County. Therefore, because their interests are aligned, and there is no substantial conflict between them, it is proper to align the County with Plaintiff.

In summary, the Court has subject matter jurisdiction over the County's Quiet Title Act claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the other parties and claims in this case because they all raise the same question: whether Green Lake Road is public or private. 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

## IV.     CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- USFS's Motion to Dismiss Plaintiff's Federal District Court Amended Complaint (Doc. # 70) is GRANTED. Plaintiff's Second Claim for Relief that arises under the Quiet Title Act is DISMISSED WITHOUT PREJUDICE. Plaintiff's First Claim for Relief remains pending, but it is limited in that the claim may proceed against all Defendants except USFS;

- USFS's Motion to Dismiss Defendant Aslakson's Cross-Claim (Doc. # 151) is GRANTED. The crossclaim is DISMISSED WITHOUT PREJUDICE in its entirety;

- the Clerk of the Court is DIRECTED to amend the caption of this case to reflect that Gunnison County is a **plaintiff** rather than a defendant;

- because the disposition of this case will ultimately depend on issues of law that may be conducive to resolution through motions for summary judgment, the parties are DIRECTED to contact Magistrate Judge Gallagher's chambers to establish a briefing schedule. The Court anticipates that Plaintiffs will file a single motion for summary judgment, and the landowner Defendants (as a group) and USFS will file a total of two responses. The Court's applicable page limitations may be modified by a court order, if the Court deems it necessary.

DATED: September 1, 2020                    BY THE COURT:

                                            _____
                                            CHRISTINE M. ARGUELLO
                                            United States District Judge