IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01056-CMA-GPG

LAKE IRWIN COALITION, and
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON, COLORADO,

    Plaintiffs,

v.

JONATHAN WHITACRE SMITH,
UNITED STATES FOREST SERVICE,
ANDERSON FAMILY TRUST,
ERIC RICHARD ASLAKSON,
JACK A & SANDRA E. BRILL TRUSTEES UDT DATED MARCH 24, 1981,
RICHARD GILDERSLEEVE,
ERIC W. JORDAN,
LYPPS NICHOLAS J. TRUST,
THOMAS MOORE,
RUBY PEAK, LLC,
SCARP RIDGE, LLC,
CRAIG A SCHOEPKE,
ALLISON ELLIOTT,
ROBINSON BASIN, L.L.C.
LAKE IRWIN COALITION, and
DAVID J GOTTORFF,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Lake Irwin Coalition's (LIC) Motion for Partial Summary Judgment. (Doc. # 202). The Motion is denied for the following reasons.

### I. BACKGROUND

This case involves a dispute over the Green Lake Road in Gunnison County. The road runs through property owned by Defendant Jonathan Whitacre Smith (the "Peggy Lode"). (Doc. # 62, ¶ 32). In 2016, Smith erected a gate across the road at his property line to prevent the public from using the road to cross his property. (Doc. # 62, ¶ 31). LIC is suing Smith, seeking a declaration that Green Lake Road is a public road. (Doc. # 62, ¶ 74).

LIC now seeks partial summary judgment. "Specifically," LIC states, "this motion seeks legal confirmation of the burden and existence of Green Lake Road as it passes through the Peggy Lode." (Doc. # 202, p. 1). LIC's motion fails.

### II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Once the movant meets its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties

present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### III.   DISCUSSION

LIC has failed to demonstrate that it is entitled to summary judgment. First, LIC has failed to clearly explain what relief it seeks. LIC asserts that it "seeks legal confirmation of the burden and existence of Green Lake Road." (Doc. # 202, p. 1). But it is not clear what LIC means by "confirmation of the burden and existence of Green Lake Road." Is LIC asking the Court to declare that Green Lake Road exists? To decide whether Green Lake Road is a "burden" as opposed to, say, an asset? The Motion is not clear. Rather than clearly describing the relief sought, LIC repeatedly reframes the issue in convoluted and confusing ways:

- "If successful, the burden that is Green Lake Road as it passes through the Peggy Load, is confirmed and vis-à-vis that legal issue concluded" (Doc. # 202, p. 1);
- "This Court should confirm Green Lake Road to be a (sic) undeletable burden" (Doc. # 202, p. 12).
- "As to the Motion itself, it presents but a simple request for the Court to determine the legal import of the established and undisputable reality that Smith acquired the Peggy Lode with full and complete knowledge as to the location, purpose, and historic use of Green Lake Road[.]" (Doc. # 230, p. 2).

3

The Court cannot grant these requests because, quite frankly, it cannot understand them. LIC has failed to clearly state what relief LIC seeks, so its summary judgment motion must fail.

The Court notes, however, that LIC's reply is marginally clearer. The Reply states that LIC is seeking "confirmation that the Peggy Lode is burdened by the Green Lake Road by acquiescence and is an established easement[.]" (Doc. # 230, p. 10). In other words, LIC's Reply, broadly construed, appears to be requesting a declaration that the public has an easement "by acquiescence" to use the Green Lake Road. But even under this liberal construction, the Motion must nevertheless fail.

First, by failing to clearly state its position in the principal Motion, LIC is effectively raising this issue for the first time in its reply brief. Raising an argument for the first time in a reply brief "robs the [other party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). As a result, "arguments raised for the first time in a reply brief are generally deemed waived," *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). Because LIC failed to state a clear basis for relief in its principal Motion, it is barred from doing so in the reply.

Next, even if LIC had not waived this request for relief, its Motion would nevertheless fail because LIC has failed to demonstrate that it is entitled to judgment as a matter of law. LIC seeks a declaration that the public has an easement "by acquiescence" to the portion of the Green Lake Road that crosses Smith's property. But

LIC fails to articulate the legal standard for finding an "easement by acquiescence," and it fails to explain how that standard has been met in this case. Though LIC cites cases that touch on the issue, it fails to explain how those cases apply to the facts of this case, and the Court will not supply possible explanations. *See, e.g. Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made."); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming advocates who comb the record . . . and make a party's case for it."). Because LIC has failed to articulate either the legal standard for creation of an "easement by acquiescence" or how Plaintiffs have met that standard, the Court cannot find that such an easement exists in this case.

Finally, even if LIC *had* clearly articulated the applicable legal standard, its Motion would nevertheless fail because LIC has failed to demonstrate the absence of a factual dispute. The factual basis for LIC's Motion is that Smith acquiesced to the public's use of Green Lake Road. Smith, however, denies such acquiescence. In an effort to overcome this denial, LIC's Motion points out that Smith was "aware that the public traversed Green Lake Road . . . on the date of [his] purchase of the Peggy Lode." (Doc. # 202, p. 6). However, LIC fails to identify facts which would show Smith's acquiescence *after* the date of purchase; it merely offers conclusory statements to that effect. (Doc. # 202, p. 7). Therefore, the Court cannot conclude, based on LIC's Motion,

5

that there is no factual dispute on the issue of acquiescence.[1] Therefore, LIC's Motion must fail.

## IV. CONCLUSION

Based on the foregoing, LIC's Motion for Partial Summary Judgment (Doc. # 202) is DENIED.

DATED: September 29, 2021         BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[1] This does not foreclose the possibility that Smith did, in fact, acquiesce to such an easement. However, it is not clear from LIC's Motion that there is no factual dispute with respect to that issue.