## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01056-CMA-STV

LAKE IRWIN COALITION; and
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON, COLORADO,

      Plaintiffs,

v.

JONATHAN WHITACRE SMITH;
ANDERSON FAMILY TRUST;
ERIC RICHARD ASLAKSON;
JACK A. & SANDRA E. BRILL TRUSTEES UDT DATED MARCH 24, 1981;
ALLISON ELLIOT;
RICHARD GILDERSLEEVE;
ERIC W. JORDAN;
NICHOLAS J. LYPPS TRUST;
THOMAS MOORE;
RUBY PEAK L.L.C.;
SCARP RIDGE L.L.C.;
ROBINSON BASIN L.L.C.; and
CRAIG A. SCHOEPKE,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Scott T. Varholak

      This matter comes before the Court on Defendant Jonathan Smith's Motion to Dismiss for Lack of Subject Matter Jurisdiction [#334] (the "Motion").  The Motion was referred to this Court.  [##335, 342]  This Court has carefully considered the Motion and related briefing, the case file and the applicable case law, and has determined that oral

argument would not materially assist in the disposition of the Motion.  For the following

reasons, the Court respectfully **RECOMMENDS** that the Motion be **DENIED**.

## I.     BACKGROUND[1]

Defendant Jonathan Whitacre Smith ("Defendant Smith") has owned a property

known as "Peggy Lode" since 2001.  [#62 at ¶¶ 29, 33]  On Peggy Lode is FSR826.1D,

commonly known as Green Lake Road (the "Green Lake Road").  [*Id.* at ¶¶ 30, 46]  Green

Lake Road has existed as a public road within the Gunnison National Forest at all times

and dating back to 1879.  [*Id.* at ¶ 34]  Green Lake Road has historically been open to the

public and provides access to private mining claims as well as forest service lands

managed by the Forest Service.  [*Id.* at ¶ 35]  In recent decades, Green Lake Road has

been a popular hiking, biking, and motorized vehicle trail under the direction and control

of the Forest Service.  [*Id.* at ¶ 45]

In the summer of 2016, Defendant Smith took steps to restrict access across

Peggy Lode by erecting a gate at his property line, thereby excluding hikers, bikers, and

other public users.  [*Id.* at ¶ 31]  Defendant Smith continues to restrict access across

Peggy Lode to public use by constructing a locked gate across the Green Lake Road

---

[1] Although the Motion is styled as seeking dismissal, the Court construes it as seeking remand.  *See* Section II, below.  Nevertheless, the facts are drawn primarily from the allegations in Plaintiffs' Federal District Court Amended Complaint [#62], which must be taken as true when considering a motion to dismiss.  *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).  The Court also takes judicial notice of its own files and records, as well as facts related to this case's procedural history which are a matter of public record.  *See Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record.") *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

where it begins at Peggy Lode and has posted signs keeping the public from accessing Forest Service lands and private property.  [*Id.* at ¶ 63]

Plaintiffs John Brio and Lake Irwin Coalition (the "LIC") initiated the present matter by filing case number 2017CV30060 in the District Court for the County of Gunnison, Colorado on September 8, 2017.[2]  [#22 at 6]  On January 11, 2019, Plaintiffs filed a second amended state court complaint, joining several defendants as indispensable parties pursuant to Colo. R. Civ. P. 19(a), including the United States Forest Service ("Defendant USFS").  [*Id.* at 2]  The second amended state court complaint sought a declaration that: (1) the Green Lake Road was a public road pursuant to the Mining Act of July 26, 1866, § 8, 14 Stat. 253, *codified at* 43 U.S.C. § 932 ("R.S. 2477"), *repealed by* Federal Land Policy Management Act of 1976, Pub. L. No. 94–579 § 706(a), 90 Stat. 2793, (2) the Green Lake Road was a public road pursuant to Colo. Rev. Stat. § 43-2-201(1)(c), or (3) Plaintiffs were the rightful owners of an easement across the Green Lake Road.  [#1-4 at ¶¶ 37–49]  Defendant USFS removed the matter to federal court pursuant to 28 U.S.C. § 1442(a)(1) on April 10, 2019.  [#1]

On November 15, 2019, Plaintiffs filed the operative Plaintiffs' Federal District Court Amended Complaint (the "Complaint").  [#62]  The Complaint brings two claims for relief.  In Claim One, Plaintiffs seek a declaration under Colorado's Uniform Declaratory Judgments Law, Colo. Rev. Stat. 13-51-101 *et seq.*, that the portion of Green Lake Road that crosses the Peggy Lode is a public road under Federal law (R.S. 2477) and/or Colorado law (Colo. Rev. Stat. § 43-2-201(1)(c)), or, alternatively, that Plaintiffs have

---

[2] The record available to the Court does not include the original state court complaint, nor does the Complaint characterize it.  [*See* #62]

private rights over the same under the doctrine of private implied easement.  [*Id.* at ¶¶ 66–81]  In Claim Two, Plaintiffs seek an adjudication of the rights and responsibilities of the parties to this action and to quiet title in the portions of Green Lake Road crossing the Peggy Lode, asserting non-disclaimer under 28 U.S.C. § 2409a(e) (the "Quiet Title Act"). [Id. at ¶¶ 82-91]

Defendant Smith filed the instant Motion on September 14, 2022.  [#334]  In it, he moves for remand[3] and vacatur of all previous orders entered by the Court because of lack of subject matter jurisdiction, pursuant to the derivative jurisdiction doctrine.  [*Id.* at 9–10]  Plaintiffs LIC and Gunnison County responded [##337, 338], and Defendant Smith replied [##339, 340].

## II.   STANDARD OF REVIEW

"A civil action . . . that is commenced in a State court and that is against" as relevant here, "[t]he United States or any agency thereof" "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending."  28 U.S.C. § 1442(a)(1).  "[R]emoval under 28 U.S.C. § 1442(a)(1) is an absolute right."  *Tinnin v. Soc. Sec. Admin.*, No. 18-CV-02869-RM-NYW, 2018 WL 6990396, at *1 n.1 (D. Colo. Dec. 13, 2018) (citing *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)).  A defendant may remove a case under Section 1442(a) without the consent of the other defendants.  *Devaul v. TK Mining Servs. L.L.C.*, No. 13-CV-02632-PAB-KMT, 2014 WL 183665, at *2 (D. Colo. Jan. 15, 2014) (citing *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998)).

---

[3] See below for discussion of Plaintiff's asserted remedy.

Federal courts may remand[4] improperly removed actions back to state court under 28 U.S.C. § 1447.  The Tenth Circuit has recognized two grounds for remand under the statute: (1) a lack of subject-matter jurisdiction; and (2) a defect in the removal procedure.  *See Miller v. Lamberth*, 443 F.3d 757, 759 (10th Cir. 2006).  "Procedural defects must be raised within 30 days after the defendant files the notice of removal; a lack of subject matter jurisdiction can be raised at any time before final judgment."  *Mendoza v. First Santa Fe Ins. Servs., Inc.*, No. 19-CV-00991 MV/KK, 2020 WL 4784806, at *4 (D.N.M. Aug. 18, 2020) (citing 28 U.S.C. § 1447(c)).  "Nonjurisdictional defects must be raised within 30 days after the filing of the notice of removal or they are waived."  *Sheldon v. Khanal*, 502 F. App'x 765, 770 (10th Cir. 2012).  The 30-day time limitation for remand because of a defect in the removal procedure is applicable to actions against federal officers removed pursuant to Section 1442(a).  *Adams v. W. Steel Buildings, Inc.*, 296 F. Supp. 759, 761 (D. Colo. 1969).

"Jurisdiction on removal is derivative in nature and does not exist if the state court from which the action is removed lacks jurisdiction."  *Crow v. Wyoming Timber Prods. Co.*, 424 F.2d 93, 96 (10th Cir. 1970).  Under this "derivative jurisdiction doctrine," federal courts lack jurisdiction if the state court lacked jurisdiction before removal.  *High Lonesome Ranch, LLC v. Bd. of Cnty. Commissioners for Cnty. of Garfield*, 61 F.4th 1225, 1239 (10th Cir. 2023) (citing *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S.

---

[4] Courts have "no discretion to dismiss rather than remand an action" under Section 1447(c).  *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).  Despite the Motion's title and initial representations, it concludes with a prayer that "this Court [ ] remand the case to the Gunnison District Court."  [#334 at 10]  The Court therefore analyzes the Motion as one for remand, not for dismissal.

377, 382 (1922)).  The Tenth Circuit recently clarified that, despite its name, the derivative jurisdiction doctrine is procedural, not jurisdictional, and "derivative-jurisdiction issues are waivable."  *Id.* at 1241.

## III.    ANALYSIS

The United States is immune from suit unless Congress has expressly waived its sovereign immunity.  *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983) (citations omitted).   Congress waived sovereign immunity in the Quiet Title Act, creating the "exclusive means by which adverse claimants [can] challenge the United States' title to real property."  *Id.* at 286.  The Quiet Title Act is the sole avenue to establish title to a claimed R.S. 2477 right-of-way.  *Wilderness Soc'y v. Kane Cnty.*, 581 F.3d 1198, 1219 (10th Cir. 2009), *rev'd on other grounds en banc*, 632 F.3d 1162 (2011). Therefore, to the extent to which the second amended state court complaint stated a claim against Defendant USFS, it must have done so under the Quiet Title Act.[5]  *See Shivwits Band of Paiute Indians v. Utah*, 428 F.3d 966, 975 (10th Cir. 2005) (Courts "focus on the relief . . . request[ed], rather than on the party's characterization of the claim." (alterations in original) (quotation omitted)).   And federal district courts have "exclusive original jurisdiction" over Quiet Title Act claims.  28 U.S.C. § 1346(f).

The Motion argues that, because federal district courts have exclusive original jurisdiction over Quiet Title Act claims, the state court never properly had jurisdiction over Defendant USFS.  [#334]  At the time Defendant Smith filed the Motion, there was some uncertainty as to whether the derivative jurisdiction doctrine was a matter of subject

---

[5] In the Complaint, Plaintiffs clarified that the Quiet Title Act was the basis of their Claim Two.  [#62 at ¶¶ 82–91]

matter jurisdiction (and therefore not waivable), or merely a procedural rule amenable to waiver or cure.  *See High Lonesome Ranch*, 61 F.4th at 1240–41 (discussing the state of the law *ex ante*).  Since the Motion was filed, however, the Tenth Circuit has clarified that "derivative-jurisdiction issues are waivable."  *Id.* at 1241.

Defendant USFS removed this matter to federal court on April 10, 2019.  [#1]  Any motion to remand because of alleged defect in the procedure of removal was therefore due by May 10, 2019.  28 U.S.C. § 1447(c).  Defendant Smith did not file the present Motion until September 14, 2022.  [#334]  Thus, any derivative-jurisdiction issues identified in the Motion have been untimely raised and are therefore waived.  *See High Lonesome Ranch*, 61 F.4th at 1241.

## IV.   CONCLUSION

For the reasons stated above, the Court respectfully **RECOMMENDS** that Defendant Jonathan Smith's Motion to Dismiss for Lack of Subject Matter Jurisdiction [#334] be **DENIED**.[6]

---

[6] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's

DATED:  April 27, 2023                    BY THE COURT:


                                          s/Scott T. Varholak
                                          United States Magistrate Judge

---

recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).