IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 19-cv-01056-CMA-STV

LAKE IRWIN COALITION and
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON, CO,

    Plaintiffs,

v.

JONATHAN WHITACRE SMITH,
ANDERSON FAMILY TRUST,
ERIC RICHARD ASLAKSON,
JACK A. & SANDRA E. BRILL TRUSTEES UDT DATED MARCH 24, 1981,
RICHARD GILDERSLEEVE,
ERIC W. JORDAN,
LYPPS NICHOLAS J. TRUST,
THOMAS MOORE,
RUBY PEAK, LLC,
SCARP RIDGE, LLC,
CRAIG A. SCHOEPKE,
ALLISON ELLIOTT,
ROBINSON BASIN LLC

    Defendants,

v.

DAVID J. GOTTORFF,

    Third Party Defendant.

---

**ORDER AFFIRMING THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (Doc. # 345) IN PART, SUSTAINING DEFENDANT'S OBJECTION, AND GRANTING DEFENDANT'S MOTION (Doc. # 334) IN PART**

---

This matter is before the Court on the April 27, 2023 Recommendation (Doc. # 345) of United States Magistrate Judge Scott T. Varholak, wherein he recommends

denying Defendant Jonathan Whitacre Smith's "Motion to [Remand] for Lack of Subject Matter Jurisdiction" (Doc. # 334).[1] Mr. Smith objects to that Recommendation. (Doc. # 347.) For the following reasons, the Court affirms Judge Varholak's Recommendation in part but sustains Mr. Smith's Objection and grants his Motion in part.

I.   **BACKGROUND**

Judge Varholak's Recommendation provides a thorough recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the Court will reiterate only the facts necessary to address Mr. Smith's Objection.

This case involves FSR 826.1D in Gunnison County, commonly known as "Green Lake Road," which runs through the "Peggy Lode"—private property owned by Mr. Smith. (Doc. # 62 at ¶¶ 29, 33.) In 2016, Mr. Smith erected a gate across Green Lake Road at his property line—thereby excluding the public's access to Green Lake Road which has existed as a public road within the Gunnison National Forest dating back to 1879. (*Id.* at ¶¶ 31, 34.)

Plaintiffs John Biro and Lake Irwin Coalition ("LIC") brought suit in Colorado state court in 2017. (Doc. # 22 at 6.) In 2019 several indispensable parties, including the United States Forest Service ("USFS") were joined. (*Id.* at 2.) USFS removed the matter

---

[1] Judge Varholak noted that, "[d]espite the Motion's title and initial representations, it concludes with a prayer that 'this Court [] remand the case to the Gunnison District Court'" (Doc. # 334 at 10), and that federal courts have "no discretion to dismiss rather than remand an action" under 28 U.S.C. 1447(c). (Doc. # 345 at 5 n.4 (quoting *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).) Therefore, Judge Varholak analyzed the Motion as a motion to remand, rather than dismiss. (*Id.* at 2 n.1.) The Court agrees and does the same.

to federal court pursuant to 28 U.S.C. § 1442(a)(1), the federal-officer removal statute, on April 10, 2019. (Doc. # 1.) The operative federal court complaint, filed in November 2019, seeks (1) declaration under Colorado's Uniform Declaratory Judgments Law, Colo. Rev. Stat. 13-51-101 *et seq.*, that the portion of Green Lake Road that crosses the Peggy Lode is a public road under Revised Statute 2477 ("R.S. 2477") and/or Colorado law (Colo. Rev. Stat. § 43-2-201(1)(c)), or, alternatively, that Plaintiffs have private rights over the same under the doctrine of private implied easement ("Claim One"); and (2) an adjudication of the rights and responsibilities of the parties to this action and to quiet title in the portions of Green Lake Road crossing the Peggy Lode, asserting non-disclaimer under 28 U.S.C. § 2409a(e) (the "Quiet Title Act"). (Doc. # 62 at ¶¶ 66–91); *see also* (Doc. # 67 at 22–24.)

On September 1, 2020, the Court granted USFS's first motion to dismiss (Doc. # 70) for lack of subject matter jurisdiction. (Doc. # 183.) In so doing, the Court concluded that as members of the public, Mr. Biro and LIC lacked title in Green Lake Road. (*Id*. (citing *Sw. Four Wheel Drive Ass'n. v. Bureau of Land Mgmt.*, 363 F.3d 1069, 1071 (10th Cir. 2004)).) Because the Quiet Title Act waives sovereign immunity only when a claimant can "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property," 28 U.S.C. § 2409a(d), Mr. Biro and LIC's lack of title meant that this Court could not exercise jurisdiction over their Quiet Title Act claim. (*Id*. at 7); *see Watson v. Hollingsworth*, 741 F. App'x 545, 551 (10th Cir. 2018) (explaining that the defense of sovereign immunity "is jurisdictional and deprives courts of subject-matter jurisdiction.").) However, the Court resolved the subject matter jurisdiction issue

by realigning Board of County Commissioners of the County of Gunnison, Colorado ("Gunnison County")—which had asserted a similar Quiet Title Act cross claim against USFS—as plaintiff. (Doc. # 183 at 11.) The Court then concluded it had subject matter jurisdiction over the Quiet Title Act claim and supplemental jurisdiction over the other parties and claims. (*Id.*)

On March 30, 2022, the Court granted USFS's second motion to dismiss (Doc. # 263) for lack of jurisdiction. (Doc. # 316.) Another jurisdictional requirement to bring a Quiet Title Act claim is that the United States must "claim an interest" in the disputed property. *Lonatro v. United States*, 714 F.3d 866, 870 (5th Cir. 2013) (quoting 28 U.S.C. § 2409a). Thus, in that Order, the Court concluded that because USFS "claims no ownership interest in Green Lake Road, and it is apparently willing to concede that the road is public," Gunnison County had not "alleged a genuine dispute with [USFS] as to ownership of Green Lake Road." (*Id.* at 4–5.) Therefore, the Court lacked jurisdiction over the Quiet Title claim against USFS. (*Id.* at 5–6.) The Court went on to conclude that, because "[n]either the state nor the federal Declaratory Judgment Act provides an independent basis for jurisdiction," and because USFS's disclaimer of an interest in Green Lake Road resulted in a lack of an "actual controversy" between Gunnison County and USFS, the Court was also without jurisdiction to hear Gunnison County's Declaratory Judgment claim. (*Id.* at 7–8 (citing 28 U.S.C. § 2201; *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994); C.R.S. § 13-51-104; *Const. Assocs. v. NH Ins. Co.*, 930 P.2d 556, 561 (Colo. 1996).) As a result, the Court dismissed the Quiet Title Act claim and USFS was dismissed from this action. (*Id.* at 9.)

On September 14, 2022, Mr. Smith lodged the instant Motion arguing that this Court lacks subject matter jurisdiction over these proceedings. (Doc. # 334.) Mr. Smith seeks remand of the litigation to state court and vacatur of all this Court's previous orders. (*Id.* at 9–10.) Judge Varholak issued his Recommendation on April 27, 2023. (Doc. # 345.) Mr. Smith timely filed his Objection. (Doc. # 347.) Both LIC and Gunnison County (collectively "Plaintiffs") filed Responses. (Docs. ## 351–52.)

## II.  LEGAL STANDARDS

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

In order to be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–

60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

### III. ANALYSIS

In his Motion to Dismiss, Mr. Smith asserted that because the state court lacked jurisdiction over USFS and to hear claims pursuant to the Quiet Title Act, this Court—whose jurisdiction "derived" from the state court via removal—also lacks jurisdiction under the "derivative jurisdiction doctrine." (Doc. # 334 at 6–7.) Mr. Smith also alluded to an argument that this Court lacks original subject matter jurisdiction because, now that USFS has been dismissed, "the requirement of federal subject matter jurisdiction in this action cannot be met at the time of judgment." (*Id.* at 9.) However, Mr. Smith did not fully develop this argument in his principal Motion.

**A.   THE DERIVATIVE JURISDICTION DOCTRINE**

"The derivative-jurisdiction doctrine, [] generally provides that federal courts lack jurisdiction if the state court lacked jurisdiction before removal." *High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for Cnty. of Garfield*, 61 F.4th 1225, 1239 (10th Cir. 2023) (citing *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922)). In the words of the Supreme Court, "[i]f the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Id.* (quoting *Lambert Run*, 258 U.S. at 382). Following its inception, the derivative jurisdiction doctrine was limited in scope. *Id.*

6

However, it remains applicable to cases removed via § 1442, as the instant case was. *Id.*; (Doc. # 1.)

In recommending that the Court deny Mr. Smith's Motion, Judge Varholak relied on the recent precedential decision by the United States Court of Appeals for the Tenth Circuit, *High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for Cnty. of Garfield*, 61 F.4th 1225, 1239 (10th Cir. 2023). In *High Lonesome Ranch*, the Tenth Circuit joined six other Circuits in holding that, despite its name, the derivative jurisdiction doctrine is "a procedural bar and doesn't concern Article III subject-matter jurisdiction." *Id.* at 1241. As such, it is waivable. *Id.* Therefore, because Mr. Smith did not file the instant Motion to Dismiss within the 30-day window for challenging removal defects, 28 U.S.C. § 1447(c), Judge Varholak concluded that Mr. Smith had waived the derivative jurisdiction issue and recommended his Motion be denied. (Doc. # 345 at 7.)

Mr. Smith's Objection to Judge Varholak's Recommendation all but concedes that pursuant to *High Lonesome Ranch*, Mr. Smith's derivative jurisdiction doctrine argument is untimely and correctly denied. (Doc. # 347 at 5.) Upon de novo review, the Court agrees with Judge Varholak on this point and therefore adopts and affirms his Recommendation in this regard. However, Mr. Smith avers that *High Lonesome Ranch's* holding "does not change the proper resolution" of the instant Motion because his Motion also "noted . . . the requirement of federal subject matter jurisdiction . . . at the time of judgment." (*Id.*) In other words, Mr. Smith asserts that his Motion should be granted because this Court lacks original subject matter jurisdiction, irrespective of the derivative jurisdiction doctrine.

As discussed above, Mr. Smith did not fully develop this argument in his Motion to Dismiss. Typically, the Court would not consider an argument raised for the first time in an Objection to a Magistrate Judge's Recommendation. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")[2]  However, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) ("district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction."). Therefore, the Court will assess original jurisdiction—irrespective of the derivative jurisdiction doctrine—over Claim One and the remaining parties.[3]

---

[2] Mr. Smith more fully develops his original jurisdiction defect argument in his Replies. (Doc. # 339 at 3–4, 6; Doc. # 340 at 3–9.) However, by failing to clearly state this position in the principal Motion, Mr. Smith effectively raised it for the first time in his reply briefs. Raising an argument for the first time in a reply brief "robs the [other party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). As a result, "arguments raised for the first time in a reply brief are generally deemed waived," *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011).

[3] As the Court has previously dismissed the Quiet Title Act claims and USFS from this litigation (Doc. # 316 at 5–6, 9), the Court need not evaluate Mr. Smith's Quiet Tile Act-related arguments. *See* (Doc. # 347 at 7); *see also* (Doc. # 339 at 2–3; Doc. # 340 at 2–3.)

### B. FEDERAL QUESTION JURISDICTION

In his Objection to Judge Varholak's Recommendation, as well as in his Replies in support of his principal Motion, Mr. Smith alleges that, in the absence of the Quiet Title Act claims, Plaintiffs have not established federal question jurisdiction. (Doc. # 340 at 3–9; Doc. # 347 at 7.) Gunnison County counters that Claim One "invokes numerous federal questions," principally, whether Green Lake Road is public under R.S. 2477. (Doc. # 351 at 2, 4–5.)[4] Gunnison County points out that the Tenth Circuit has held "Federal Law governs the interpretation of R.S. 2477." (*Id.* at 4 (citing *High Lonesome Ranch*, 61 F.4th at 1245).) However, Mr. Smith avers that Plaintiffs' invocation of federal law is insufficient to satisfy the "exceedingly narrow" requirement that federal question jurisdiction be invoked only where the contested federal issue, is "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." (Doc. # 340 at 6 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).)

1. Legal Standards

A defendant may remove a state civil action to federal court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws,

---

[4] LIC's Response focuses on an argument that *High Lonesome Ranch* is binding precedent on this Court, and squarely fits the facts of this case, thus it must be followed. (Doc. # 352.) As discussed above, the Court agrees with this argument, and Mr. Smith essentially conceded that Judge Varholak's Recommendation was correct in its application of *High Lonesome Ranch's* derivative jurisdiction doctrine analysis. (Doc. # 347 at 5.) Therefore, the Court need not address LIC's Response further.

or treaties of the United States. 28 U.S.C. § 1331. One means by which a case is said to "arise under" federal law within the meaning of § 1331 is if a well-pleaded complaint establishes that a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law embedded in the plaintiff's state-law claims. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 688–90 (2006). As discussed above, Claim One seeks a declaration under Colorado's Uniform Declaratory Judgments Law, Colo. Rev. Stat. 13-51-101 *et seq.*, that the portion of Green Lake Road that crosses the Peggy Lode is a public road under Federal law (R.S. 2477) and/or Colorado law (Colo. Rev. Stat. § 43-2-201(1)(c)). (Doc. # 62 at ¶¶ 66–81); *see also* (Doc. # 67 at 22–23.) Thus, it is a state-law claim which implicates federal law R.S. 2477.

To determine whether federal-question jurisdiction exists over state-law claims that implicate federal issues, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*, 545 U.S. at 314; *see also Maroney v. Univ. Interscholastic League*, 764 F.2d 403, 405 (5th Cir. 1985) (cited approvingly by *Haik v. Salt Lake Cty. Bd. of Health*, 604 F. App'x 659, 662 (10th Cir. 2015)) ("Jurisdiction purporting to be premised on the presence of a federal question attaches only if the complaint itself states a substantial federal claim. Thus, we must dismiss for want of jurisdiction if the federal claim presented is frivolous or is foreclosed by prior authoritative decisions." (citations omitted)).

"The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which [a federal] statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971). Accordingly, removal statutes are construed strictly and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

2.    R.S. 2477

As the Tenth Circuit explained in *S. Utah Wilderness Alliance v. Bureau of Land Mgmt.*, 425 F.3d 735, 740–41 (10th Cir. 2005):

> In 1866, Congress passed an open-ended grant of "the right of way for the construction of highways over public lands, not reserved for public uses." Act of July 26, 1866, ch. 262, § 8, 14 Stat. 251, 253, *codified at* 43 U.S.C. § 932, *repealed by* Federal Land Policy Management Act of 1976 (FLPMA), Pub.L. No. 94–579 § 706(a), 90 Stat. 2743. This statute, commonly called "R.S. 2477," remained in effect for 110 years, and most of the transportation routes of the West were established under its authority. During that time congressional policy promoted the development of the unreserved public lands and their passage into private productive hands; R.S. *741 2477 rights of way were an integral part of the congressional pro-development lands policy.
>
> In 1976, however, Congress abandoned its prior approach to public lands and instituted a preference for retention of the lands in federal ownership,

11

with an increased emphasis on conservation and preservation. *See* FLPMA, 43 U.S.C. § 1701 *et seq*. As part of that statutory sea change, Congress repealed R.S. 2477. There could be no new R.S. 2477 rights of way after 1976. But even as Congress repealed R.S. 2477, it specified that any "valid" R.S. 2477 rights of way "existing on the date of approval of this Act" (October 21, 1976) would continue in effect. Pub.L. No. 94–579 § 701(a), 90 Stat. 2743, 2786 (1976). The statute thus had the effect of "freezing" R.S. 2477 rights as they were in 1976. *Sierra Club v. Hodel*, 848 F.2d 1068, 1081 (10th Cir.1988), *overruled on other grounds by Village of Los Ranchos De Albuquerque v. Marsh*, 956 F.2d 970, 971 (10th Cir.1992) (en banc).

Importantly, as it pertains to the jurisdictional question presently at issue, "federal law governs the interpretation of R.S. 2477, but [] in determining what is required for acceptance of a right of way under the statute, federal law 'borrows' from long-established principles of state law, to the extent that state law provides convenient and appropriate principles for effectuating congressional intent." *Id*. at 768. However, "to the extent state law is borrowed in the course of interpreting R.S. 2477, it must be in service of federal policy or functions[ ] and cannot derogate from the evident purposes of the federal statute." *Id*. at 763 (internal quotation marks omitted).

3.   Application

Of the two claims originally brought in this litigation, only the Quiet Title Act claim arose under federal law. It was that claim which vested in this Court jurisdiction over the matter, 28 U.S.C. § 1346(f), and which allowed the Court to exercise supplemental jurisdiction over the related state law claim, Claim One. *Id.* at § 1367(a); (Doc. # 183 at 11.) However, because Plaintiffs' claims against the USFS under the Quiet Title Act were dismissed (Doc. # 316), and USFS was dismissed from the litigation entirely, this case has transformed into a local dispute, governed by state law, principally between

Gunnison County and a local nonprofit on one side, and a private landowner on the other.

It is true that the resolution of Claim One will require evaluation of federal law—the application of R.S. 2477 to Green Lake Road. *See High Lonesome Ranch*, 61 F.4th at 1245; *SUWA*, 425 F.3d at 768. However, the Court is not convinced that this is sufficient to raise a "substantial" federal issue and invoke the "exceedingly narrow" federal question jurisdiction, particularly in light of the localized nature of the suit as currently constituted. *Grable & Sons*, 545 U.S. at 313. "In the interest of comity and federalism, these types of disputes involving state law and local issues should be resolved in state court, absent compelling reasons to the contrary." *Van Clothier v. U.S. Dep't of Agric.*, No. 07-714 JP/ACT, 2008 WL 11412095, at *3 (D.N.M. 2008) (citing *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (stating that when federal causes of action are dismissed through pretrial motions, the most common response by federal trial courts has been to dismiss the remaining claims without prejudice)).

Therefore, the Court agrees with Mr. Smith that remand to state court is appropriate. *Miller v. Lamberth*, 443 F.3d 757, 759 (10th Cir. 2006) (recognizing lack of subject matter jurisdiction as one ground for remand); *see also Fajen*, 683 F.2d at 333; *Van Clothier*, 2008 WL 11412095, at *3.

### C. PRIOR ORDERS OF THE COURT

Mr. Smith argues that due to the Court's lack of subject matter jurisdiction, all prior orders of the Court must be vacated. (Doc. # 334 at 9.) However, pursuant to the Quiet Title Act, the Court had jurisdiction over the litigation prior to USFS's repudiation

13

of its interest in Green Lake Road. 28 U.S.C. § 2409a(e) ("If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial . . . the jurisdiction of the district court shall **cease**[.]" (emphasis added)). Mr. Smith has not pointed to any case law indicating orders of the Court issued while the Court had jurisdiction must be vacated upon a loss of jurisdiction, and the Court is not aware of any.[5] However, the Court agrees that once USFS and the Quiet Title Act claims were dismissed from this action the Court lost jurisdiction and subsequent Orders were improper. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, (1998). The Court will vacate Orders issued after March 30, 2023.

### A. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- the April 27, 2023 Recommendation of United States Magistrate Judge Scott T. Varholak (Doc. # 345) is AFFIRMED AND ADOPTED IN PART. It is AFFIRMED as to its recommendation that Mr. Smith's derivative jurisdiction doctrine argument should be denied as untimely. However, it is REJECTED in its ultimate conclusion that Mr. Smith's Motion should be denied.

---

[5] In support of his vacatur argument Mr. Smith cites to *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951), and *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1309 (10th Cir. 1994). However, these cases both refer to **judgments**—as opposed to orders—issued by a federal court lacking subject jurisdiction. The Court notes that at the time Mr. Smith averred vacatur of all the Court's prior orders was appropriate, his principal argument was that this Court never had subject matter jurisdiction because removal was improper under the derivative jurisdiction doctrine. *See generally* (Doc. # 334.) As discussed above and in Judge Varholak's Recommendation, that argument was erroneous. *See generally* (Doc. # 345.)

- Defendant Jonathan Whitacre Smith's Objection (Doc. # 347) is SUSTAINED.

- Defendant Jonathan Whitacre Smith's "Motion to [Remand] for Lack of Subject Matter Jurisdiction" (Doc. # 334) is GRANTED IN PART. It is GRANTED in its requests for remand to state court and vacatur of this Court's orders issued after USFS was dismissed from the action. It is DENIED insofar as it seeks vacatur of the Court's orders issued while the Court had subject matter jurisdiction.

- The following Orders of the Court are VACATED:
    - Order Denying Motion to Strike Reply (Doc. # 317); and
    - Order Affirming and Adopting the November 11, 2021 Recommendation of United States Magistrate Judge (Doc. # 326).

- The case is remanded to the Gunnison County District Court for further proceedings.

The Clerk is directed to close this case.

DATED: June 12, 2023

BY THE COURT:

_[signature]_
CHRISTINE M. ARGUELLO
Senior United States District Judge